**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Everett Robert WARE, Jr.,**
**Defendant–Appellant.**

No. 09–3529.

United States Court of Appeals,
Eighth Circuit.

Submitted: May 10, 2010.

Filed: May 24, 2010.

Nancy Ellen Brasel, Nathan Paul Petterson, U.S. Attorney's Office, Minneapolis, MN, for Plaintiff–Appellee.

Manvir Kaur Atwal, Assistant, Federal Public Defender's Office, Minneapolis, MN, for Defendant–Appellant.

Everett Robert Ware, Jr., Inez, KY, pro se.

Before RILEY, Chief Judge, JOHN R. GIBSON and MURPHY, Circuit Judges.

## PER CURIAM.

Everett Robert Ware, Jr. appeals his sentence for violating the terms of his supervised release. In 2004 he pled guilty to possessing cocaine base with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1), and to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). In 2008 he was released from confinement and began a four year term of supervised release. Seven months later he was arrested and charged with again violating § 922(g)(1) by possessing a firearm. After Ware pled guilty to that charge, the district court[1]

---

1. The Honorable David S. Doty, United States District Judge for the District of Minnesota.

revoked his supervised release and sentenced him to 36 months imprisonment, a 12 month upward variance from the advisory sentencing guideline range. Ware contends that the sentence is substantively unreasonable.

We review for an abuse of discretion. *U.S. v. Merrival,* 521 F.3d 889, 890 (8th Cir.2008). Only seven months after beginning a term of supervised release imposed in part because he had illegally possessed a firearm, Ware was again found in illegal possession of a gun. Moreover, the circumstances of his arrest gave the district court concern about his dangerousness. He was arrested while climbing out a window of a house where an occupant had just been awakened at gunpoint, beaten and bound, and his life and those of his children threatened if he did not produce $40,000 to $50,000. After reviewing the record we conclude that Ware's sentence is not substantively unreasonable.

Accordingly, the judgment of the district court is affirmed.